[No. 3296.]

## CHARLES JOHNSON v. THE STATE.

THEFT — VERDICT — PENALTY.— For theft of property worth less than $20 the penalty imposed may be imprisonment in the county jail not exceeding one year, with or without a fine not exceeding $500, but a fine without imprisonment is a penalty not authorized by law, and a verdict imposing it is contrary to law and cannot stand.

APPEAL from the County Court of Wichita. Tried below before the Hon. J. H. Barwise, County Judge.

The case is sufficiently stated in the opinion of the court.

No brief for the appellant has reached the hands of the reporters.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE. This conviction is for the theft of one barrel of lime of the value of $2. The punishment assessed and adjudged against the defendant is a fine of $1. Theft of property under the value of $20 is punishable "by imprisonment in the county jail not exceeding one year, during which time the prisoner may be put to hard work, *and* by fine not exceeding $500, *or* by such imprisonment without fine." (Penal Code, art. 736.)

Both imprisonment and fine may be imposed, or imprisonment alone may be imposed; but *fine without imprisonment* is a punish-

ment for this offense not prescribed or authorized by law. Therefore the verdict in this case is contrary to law, and cannot support the conviction. (*Fowler* v. *The State*, 9 Texas Ct. App., 149; *Sager* v. *The State*, 11 Texas Ct. App., 110.)

None of the objections to the conviction raised by the defendant's assignments of error are well taken. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered April 11, 1885.]